**STORCH AMINI & MUNVES, P.C.**
A NEW YORK PROFESSIONAL CORPORATION

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 490-4100 telephone
(212) 490-4208 facsimile

666 Old Country Road, Suite 704
Garden City, New York 11530
(516) 222-1300 telephone
(516) 222-1227 facsimile

540 Old Bridge Turnpike
South River, New Jersey 08882
(732) 698-1060 telephone
(732) 254-7630 facsimile

1201 Pennsylvania Avenue, N.W., Suite 300
Washington, DC 20004
(202) 661-4765 telephone
(202) 661-4785 facsimile

RECEIVED
CLERK
2003 JUL 22 A 10:

July 21, 2003

03mc248(DRD)

**VIA OVERNIGHT MAIL**

Clerk of the Court
United States District Court
for the District of New Jersey
Clarkson S. Fisher Federal Bldg.
& U.S. Courthouse
402 East State Street RM 2020
Trenton, NJ 08608

**Re: Robert Shamis, as Assignee of Wishbone Trading Company Ltd. v. Ambassador Factors Corporation, et al.; 95 Civ. 9818 (RWS)**

Dear Sir or Madam:

I am writing to follow up on my previous mailing of July 15, 2003 enclosing a Certification of Judgement for the above styled action and subsequent telephone conversations with the Clerk's office regarding the same.

Defendant Lawrence Korman a/k/a Nathan Lawrence Korman resides in Bergen County, New Jersey. The other defendants subject to the order of the Court are residents of New York. Presently, we will only be seeking to enforce the judgment in New Jersey as against defendant Korman. Please send the Certificate of Judgement to the appropriate office so that we can seek to enforce the judgment in Bergen County.

If there are any further questions, please contact me. Thank you.

Sincerely,

Robert Suss, Esq.

STORCH AMINI & MUNVES, P.C.
A NEW YORK PROFESSIONAL CORPORATION
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 490-4100 telephone
(212) 490-4208 facsimile

666 Old Country Road, Suite 704
Garden City, New York 11530
(516) 222-1300 telephone
(516) 222-1227 facsimile

540 Old Bridge Turnpike
South River, New Jersey 08882
(732) 698-1060 telephone
(732) 254-7630 facsimile

1201 Pennsylvania Avenue, N.W., Suite 300
Washington, DC 20004
(202) 661-4765 telephone
(202) 661-4785 facsimile

July 17, 2003

**VIA OVERNIGHT MAIL**

Clerk of the Court
United States District Court
for the District of New Jersey
Clarkson S. Fisher Federal Bldg.
& U.S. Courthouse
402 East State Street RM 2020
Trenton, NJ 08608

**Re: Robert Shamis, as Assignee of Wishbone Trading Company Ltd. v. Ambassador Factors Corporation, et al.; 95 Civ. 9818 (RWS)**

Dear Sir or Madam:

Enclosed for filing is a Certificate of Judgement for Registration in Another District along with a certified copy of the amended judgment order and a check for the filing fee. Also enclosed is an additional copy of the aforementioned documents with a return address stamped envelope. Please file the original document and return a stamped copy to us. Thank you.

Sincerely,

Robert Suss, Esq.

FILED
JUL 2 2 2003
AT 8:30 ____ M
WILLIAM T. WALSH
CLERK

AO 451 (Rev. 2/86) Certification of Judgment - SDNY Web 5/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

ROBERT SHAMIS, as Assignee of WISHBONE TRADING COMPANY, LIMITED, a Hong Kong corporation,
Plaintiff

v.

AMBASSADOR FACTORS CORPORATION, et al.
Defendants.

## CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

Case Number: 95 Civ. 9818 (RWS)
03mc 248(DRD)

I, J. MICHAEL McMAHON, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on FEB. 14, 2001 (Date), as it appears in the records of this court, and that

* An Appeal and cross appeal was taken from this judgment which was decided by the Second Circuit pursuant to Court order. See Shamis v. Ambassador Factors Corp. 54 Fed. Appx 516, 2002 WL 31906118 (2nd. Cir. (N.Y.)) attached hereto. The order of the Second Circuit was entered by this Court on 4/1/2003.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on

7/16/03
Date

J. Michael McMahon
Clerk

[signature]
(By) Deputy Clerk

* Insert the appropriate language: . . . "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." . . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]." . . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." . . . "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[*Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]



DOC # 231

U.S. DISTRICT COURT FILED FEB 14 2001 S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SHAMIS, as Assignee of WISHBONE TRADING COMPANY, LIMITED, a Hong Kong corporation,

Plaintiff,

- against -

AMBASSADOR FACTORS CORPORATION, d/b/a AMBASSADOR FACTORS, A DIVISION OF FINOVA CAPITAL CORPORATION, a Delaware corporation, S. ROBERTS, INC., a New York corporation, JAY VEE, INC., a New York corporation, NATHAN KORMAN, a/k/a LAWRENCE KORMAN, and MAHONEY COHEN & COMPANY, P.C., a New York professional corporation,

Defendants.

95 Civ. 9818 (RWS)

**AMENDED JUDGMENT**

# 00,2384

This action having been tried before the Court and a jury commencing on April 11, 2000, and the issues having been duly tried, and the jury having rendered its verdict on May 1, 2000, and the defendants having moved for judgment notwithstanding the verdict and for a new trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure, and the Court having ruled on such motions by Opinion dated September 21, 2000, and plaintiff having settled this action with Mahoney Cohen & Company, P.C., and judgment having been entered in favor of plaintiff and against Ambassador Factors Corporation, S. Roberts, Inc., Jay Vee, Inc. and Nathan Lawrence Korman a/k/a Lawrence Korman on October 27, 2000, and plaintiff having moved to amend or correct the judgment to, inter alia, add prejudgment interest

MICROFILM FEB 14 2001 -12 00 PM

7/16/03 - O.K. MB

pursuant to Rules 59 and/or 60 of the Federal Rules of Civil Procedure, and the Court having ruled on plaintiff's motion by Opinion dated January 10, 2001, it is hereby

ORDERED, ADJUDGED AND DECREED, that the debt owed by defendant Nathan Lawrence Korman a/k/a Lawrence Korman ("Korman") was not discharged in Korman's bankruptcy proceeding, In re Nathan Lawrence Korman 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, No. 94-26002 (Bankr. Dist. N.J.).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff Robert Shamis, as Assignee of Wishbone Trading Company Limited ("Wishbone"), have final judgment against and recover of defendants herein as follows:

1. As against defendant Ambassador Factors Corporation ("Ambassador"):

   a. on the claim for breach of contract, in the amount of One Million Dollars ($1,000,000); and

   b. on the $1,000,000.00 in damages awarded for the claim for breach of contract, prejudgment interest of $714,328.77 calculated at the statutory rate under New York State law of 9%, from November 20, 1992 through and including October 27, 2000.

2. As against defendant S. Roberts, Inc. ("S.

Roberts"):

a. on the claim for on the claim for breach of contract, in the amount of One Million Dollars ($1,000,000.00);

b. on the $1,000,000 in damages awarded for the claim for breach of contract, prejudgment interest of $714,328.77 calculated at the statutory rate of 9% under New York State law, from November 20, 1992 through and including October 27, 2000;

c. on the claim for goods sold and delivered, in the amount of Five Million One Hundred Thousand Dollars ($5,100,000.00);

d. on the $5,100,000.00 in damages awarded for the claim for goods sold and delivered, prejudgment interest of $3,643,076.71 calculated at the statutory rate of 9% under New York State law, from November 20, 1992 through and including October 27, 2000.

3. As against defendants S. Roberts, Korman and Jay Vee, Inc. ("Jay Vee"):

a. on the claim for fraudulent conveyance, each in the amount of Eight Hundred Eighty-Five Thousand, Five Hundred Seventeen Dollars ($885,517.00);

b. on each award of $885,517.00 in damages for

the claim for fraudulent conveyance, prejudgment interest of $743,252.02 calculated at the statutory rate of 9% under New York State law, from July 1, 1991 through and including October 27, 2000; and

c. punitive damages against

(i) S. Roberts in the amount of Five Hundred Seventy-Six Thousand, Six Hundred Eight Dollars and Twenty Three Cents ($576,608.23);

(ii) Korman in the amount of Five Hundred Seventy-Six Thousand, Six Hundred Eight Dollars and Twenty Three Cents ($576,608.23); and

(iii) Jay Vee in the amount of Five Hundred Seventy-Six Thousand, Six Hundred Eight Dollars and Twenty Three Cents ($576,608.23).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Shamis shall recover of all defendants, and the Clerk shall calculate and enter an amended judgment with, post-judgment interest on all sums awarded herein at the statutory rate provided in 28 U.S.C. § 1961; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Shamis

shall recover of Ambassador, S. Roberts, Jay Vee and Korman, the costs of this action.

It is so ordered.

February 8, 2001

Robert W. Sweet
U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK
BY
DEPUTY CLERK

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON 2/14/01

Case 2:03-mc-00248-DRD Document 2 Filed 06/14/18 Page 10 of 10 PageID: 10

